IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE FRANCIS, JR., <br>     Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 23-CV-4063 |
| QUINTA SMITH, *et al.*, <br>     Defendants. | : <br> : <br> : | |

<u>MEMORANDUM</u>

**MARSTON, J.**                                                                                                                                               **March 3, 2025**

      Pro se Plaintiff George Francis, Jr. sues Defendants Magisterial District Judge Wilden H. Davis, Common Pleas Judge G. Michael Green, and Common Pleas Judge Deborah Krull (collectively, the "Judicial Defendants") for civil rights violations under 42 U.S.C. § 1983 and for violations of state law. (*See* Doc. No. 2-1 at 4–5.)[1] Because the Judicial Defendants are immune from suit, the claims against them are dismissed.

**I.     BACKGROUND**

      Francis provides virtually no discussion of the facts underlying his claims, choosing instead to file a hodgepodge of documents from various legal actions, with little to no discussion of the relevance of those documents. Having reviewed those documents and the publicly available dockets, the Court provides the following summary of relevant facts.

---

[1] Although Francis has filed an Amended Complaint, it does not include a separate statement of facts, stating only, "same as original." (Doc. No. 12.) Instead, the sole purpose of the Amended Complaint appears to have been to add three additional Defendants, none of whom are at issue in the motion discussed in this Order. Accordingly, the Court looks to the facts as stated in the initial Complaint (Doc. No. 2) for purposes of the pending motion.

On November 6, 2021, Defendant Qianta Smith[2] filed a petition for protection from abuse against Francis in the Court of Common Pleas of Delaware County. (Doc. No. 22 at 6.) That petition was given case number 21-80844 and appears to have been assigned to Defendant Judge Krull. (*See* Doc. No. 13 at 1 (Pennsylvania Superior Court's Certificate of Remittal/Remand of Record for trial court docket No. 2021-81844, with copies sent to Judge Krull).)

Around this time, Defendant Officer Leon Mack filed a Police Criminal Complaint in connection with the same incident underlying Ms. Smith's petition. (*See* Doc. No. 22 at 7.) The criminal matter was initially assigned to Magisterial District Judge Dawn L. Vann (*id.*), but it was quickly reassigned to Defendant Judge Davis, who issued a warrant for Francis's arrest and oversaw Plaintiff's preliminary hearing and bail proceedings, *see generally Commonwealth v. Francis*, No. MJ-32120-CR-0000259-2021 (Docket Sheet) (filed in this action as Doc. No. 14 at 8–10). Once the criminal matter was transferred to the Court of Common Pleas, it was assigned to Defendant Judge Green, who presided over the remainder of the case. *See generally Commonwealth v. Francis*, No. CP-23-CR-0001421-2022 (Docket Sheet) (filed in this action as Doc. No. 14 at 11–20). Following a bench trial, Francis was found guilty of burglary, criminal mischief, and theft by unlawful taking. (Doc. No. 14 at 13); *see also Commonwealth v. Francis*, 313 A.3d 182 (Table) (Pa. Super. Ct. Jan. 17, 2024) (opinion on appeal in Francis's criminal case).

Francis filed this federal action on October 19, 2023 against the Judicial Defendants and others involved in his arrest and conviction. (*See* Doc. Nos. 2, 12.) Francis appears to sue each

---

[2] Although listed in the caption as "Quinta" Smith, the underlying state court dockets suggest this Defendant's name is actually "Qianta" Smith, so the Court refers to her as such in this Memorandum.

Judicial Defendant in his or her official and individual capacities. (Doc. No. 2.) He brings a due process claim under 42 U.S.C. § 1983, as well as a state law claim for malicious prosecution, against each of them. (*Id.* at 4–5.) He also brings a "double jeopardy" claim pursuant to § 1983 against Judge Green and Judge Krull, and claims for "falsifying official government documents," "approving warrants without evidence," and "abuse of power" against Judge Davis. (*Id.*) As relief, Francis seeks $800 million, which he claims is his "los[s]es time 200 percent." (Doc. No. 12 at 6.)

The Judicial Defendants have moved to dismiss all the claims asserted against them, arguing that service was improper, and, in any event, they are immune from suit under the Eleventh Amendment and the doctrine of absolute judicial immunity. (*See* Doc. No. 14.) The Court agrees that the Judicial Defendants are immune from suit, and therefore, we need not address the propriety of service.

## II. LEGAL STANDARDS

The Judicial Defendants' assertion of Eleventh Amendment immunity is properly considered "a motion to dismiss the complaint for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1)." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). Their assertion of absolute judicial immunity, by contrast, "should be considered as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Harr v. Buczak*, 2024 WL 4064139, at *7 (W.D. Pa. Sept. 5, 2024) (citing *Wilson v. Rackmill*, 878 F.2d 772, 776 (3d Cir. 1989)).

### A. Rule 12(b)(1)

"Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Williams v. Litton Loan Servicing*, Civil Action No. 16-5301 (ES) (JAD), 2018 WL 6600097, at *5 (D.N.J. Dec. 17, 2018). "In deciding a motion under Rule 12(b)(1), a court must first determine whether the

3

movant presents a facial or factual attack, because that distinction determines how the pleadings are reviewed." *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 243 (D.N.J. Dec. 11, 2015); *see also Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000) ("A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.").

A facial attack "contests the sufficiency of the complaint because of a defect on its face," and the court considers only the "allegations in the complaint, along with documents referenced therein, in the light most favorable to the nonmoving party." *Williams*, 2018 WL 6600097, at *5 (quotation marks omitted). Although the Judicial Defendants do not describe their attack as facial or factual, we construe their argument as a facial attack because they do not dispute the facts as alleged in the Complaint and attached exhibits. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("A factual attack requires a factual dispute, and there is none here."). "Thus, we consider whether Plaintiffs' allegations, attached documents, and referenced proceedings establish the necessary jurisdiction . . . ." *Myers v. Caliber Home Loans, Seterus, Inc.*, No. 1:19-cv-596, 2019 WL 4393377, at *3 (M.D. Pa. Sept. 13, 2019).

### B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations do not suffice. *Id.* However, because Francis is proceeding pro se, we liberally construe the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

### III. ANALYSIS

As noted above, Francis sues the Judicial Defendants in both their official and individual capacities.

#### A. Official Capacity Claims

To the extent Francis brings official capacity claims against the Judicial Defendants, those claims are barred by the Eleventh Amendment. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the Commonwealth, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

"The United States Court of Appeals for the Third Circuit has recognized that 'the Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [judicial system] are part of the Commonwealth government rather than local entities.'" *Van Tassel v. Lawrence Cnty. Domestic Relations Section*, 659 F. Supp. 2d 672, 694 (W.D. Pa. Sept. 22, 2009) (quoting *Haybarger v. Lawrence Cnty. Adult Probation & Parole*, 551 F.3d 193, 198 (3d Cir. 2008)). It follows that judges within that system—like the Judicial Defendants here— are state actors, not local actors, and as such, are entitled to Eleventh Amendment immunity for all claims for which they have been sued in their official capacity and to recover damages. *See id.* at 696 ("Judge Hodge is entitled to Eleventh Amendment immunity . . . regarding Plaintiff's claims against him in his official capacity which seek monetary damages."); *see also Wikert v. Pa. Dep't of Transp.*, No. 02:07cv1438, 2008 WL 169702, at *2 (W.D. Pa. Jan. 17, 2008) ("[T]he individual defendants acting in their official capacities are likewise entitled to immunity

5

under the Eleventh Amendment from the state law claims alleged in Counts IV, V, VI, and VII of the Complaint."); *Williams v. City of Scranton*, Civil Action No. 10–CV–388, 2010 WL 2898968, at *3 (M.D. Pa. July 22, 2010) ("Because the Eleventh Amendment deprives this Court of jurisdiction to hear Plaintiffs' federal and state law claims, the Pennsylvania Defendants' motion will be granted.").

Accordingly, Francis's official capacity claims against the Judicial Defendants are dismissed with prejudice.

B.  **Individual Capacity Claims**

Plaintiff's individual capacity claims similarly fail. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). This immunity "specifically applies to judicial actions ruling on bail requests, making probable cause determinations, and presiding over preliminary hearings in state criminal cases." *Breese v. Kurtz*, CIVIL NO: 4:17-CV-01678, 2017 WL 7685951, at *5 (M.D. Pa. Dec. 8, 2017). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted). To determine whether judicial acts are taken "in the clear absence of all jurisdiction," courts consider the nature of the judicial act and the authority granted to the judicial officer. *See id.* at 357 n.7. For example, "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action." *Id.*

Here, Francis has not shown that the Judicial Defendants acted in the "clear absence of all jurisdiction." Francis has not argued—nor, importantly, alleged facts to suggest—the Judicial

6

Defendants lacked the authority to oversee Francis's civil and criminal matters. Instead, he argues that they abused that authority by signing his arrest warrant despite a lack of probable cause and allowing the cases to proceed despite a lack of evidence. (*See* Doc. No. 22 at 3 ("No government official has jurisdiction to preside over any case without articulable fact or any evidence.").) That is essentially an assertion that the judicial acts taken were "in error," which is insufficient to overcome the immunity defense. *See Stump*, 435 U.S. at 356–57.

Because the Judicial Defendants are entitled to judicial immunity on Francis's claims, the Court also dismisses with prejudice the claims asserted against them in their individual capacities. *See Azubuko*, 443 F.3d at 303 (finding the district court correctly dismissed the plaintiff's complaint where "[a]ll of the allegations in Azubuko's complaint relate to actions taken by Judge Royal in his capacity as a judge. Azubuko has not set forth any facts that would show that Judge Royal's actions were taken in clear absence of his jurisdiction").

IV.    CONCLUSION

For the reasons discussed above, the Judicial Defendants' motion (Doc. No. 14) is granted. The claims asserted against Defendants Judge Davis, Judge Green, and Judge Krull are dismissed with prejudice. An appropriate order follows.